UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 0 6 2001

WILLIAM H. GRABSCHEID, SR. as assignee )
for the benefit of creditors of Netgov.com, Inc., )
a Delaware corporation, )
                               Plaintiff, )
                                  v. )
E&A INDUSTRIES, INC., an Indiana corporation, )
                               Defendant. )

**01C 8480**

JUDGE PALLMEYER

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

Plaintiff, William H. Grabscheid, Sr. as Assignee/Trustee for the benefit of creditors of Netgov.com, Inc., a Delaware corporation (the "Plaintiff" or "Trustee"), by his attorneys, Bauch & Michaels, for his claims for relief against E&A Industries, Inc. (the "Defendant" or "E&A").

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This district is a proper venue for this action because the Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. This Court has personal jurisdiction over the Defendant pursuant to 110 ILCS §5/2-209, because the claims arose from the Defendant's doing business within the State of Illinois; the Defendant's commission of a tortuous act within the State of Illinois; the Defendant's making or performance of a contract or promise substantially connected with the

State of Illinois; and the Defendant's acquisition of ownership, possession or control of an asset or thing of value present within the State of Illinois when ownership, possession or control was acquired by the Defendant.

## PARTIES

4.  Trustee is a citizen of Illinois and a creditor of and a representative of the creditors of Netgov.com, Inc., a Delaware corporation, formerly known as, AX.com, Inc. ("Netgov") that at all times relevant to this civil action had its principal place of business in Illinois.

5.  E&A is an Indiana corporation that has its principal place of business in Indiana.

## BACKGROUND

6.  Netgov was a citizen-to-government, government-to-government and e-commerce services provider. Netgov delivered content over the internet and provided hosting and ASP services to third parities. Netgov and its subsidiaries were an amalgamation of a number of "e-commerce" companies that specialized in providing internet products and services to government entities, which Netgov had acquired through a series of corporate asset purchases, stock purchases, and merger transactions in the year 2000.

7.  On July 31, 2000 Netgov purchased the operating assets of Competitive Government Strategies, LLC ("CGS"), an Indiana limited liability company.

8.  E&A was a member of CGS.

9.  As partial consideration for its purchase of the CGS assets, Netgov issued to CGS 388,889 shares of Netgov's common stock, par value $.01.

10. CGS simultaneously distributed 326,923 of the Netgov shares to E&A (the "Stock").

11. On July 31, 2000, Netgov and E&A entered into a "Put Agreement." The Put Agreement provided, *inter alia*, that Netgov would repurchase the Stock from E&A for a price of $1.17 per share (the "Purchase Price") during a period commencing 6 months after the date of the closing on Netgov's purchase of the assets of CGS, or earlier upon the occurrence of certain other defined events and upon the terms and conditions set forth therein.

12. The Put Agreement further provided that if Netgov's average cash balance as shown on its monthly balance sheet fell below $3,000,000 while E&A owned any portion of the Stock, Netgov would, *inter alia*, transfer an amount of cash equal to the Purchase Price for all of the Stock into an escrow account with a financial institution located in Chicago, Illinois and approved by E&A as security for Netgov's performance of its obligations under the Put Agreement.

13. As of January 31, 2001, Netgov had incurred operating deficits of approximately $40 million. As of January 31, 2001, Netgov had current liabilities in excess of $5 million, long-term debt obligations in excess of $7 million and unrecorded and off balance sheet real and personal property lease, employment contract severance, and acquisition and merger obligations in excess of an additional $4 million dollars. As of January 31, 2001, the fair value of Netgov's liabilities was in excess of $16 million.

14. As of January 31, 2001, Netgov had current assets of less than $2.4 million, property and equipment with a depreciated book value of approximately $700,000, and other assets, primarily including intellectual property such as computer programs, web domains and trademarks of a book value of approximately $32 million. As of January 31, 2001, the fair value of Netgov's property and equipment and the other assets was no more than $2 million. As of

January 31, 2001, Netgov lacked sufficient operating capital and assets to pay its debts as the same became due.

15. On February 14, 2001, E&A sent a written notice to Netgov stating that "E&A Industries is exercising its put right and option under Section 1 of the [Put] Agreement to require that Netgov purchase all of the Netgov stock held beneficially and of record by E&A for the Purchase Price set forth in Section 2 of the Put Agreement." On February 14, 2001, E&A filed a "Verified Complaint for Preliminary and Permanent Injunctive Relief" in the Circuit/Superior Court of Marion County, Indiana pursuant to which E&A sought an order and judgment compelling Netgov to comply with a the terms of the Put Agreement and, in particular, to establish and fund an escrow account with $382,499.91 to be held in trust for E&A, to take all steps necessary for E&A to perfect a security interest in the escrow funds, to otherwise comply with all terms of Section 5 of the Put Agreement, and to pay E&A's attorneys fees and other expenses incurred in enforcing the Put Agreement (the "Injunction Action"). Netgov removed the Injunction Action to the United States District Court for the Southern District of Indiana.

16. In the Complaint, its Motion for Preliminary Injunctive Relief, and Emergency Motion to Set Hearing on Motion for Preliminary Injunction and to enforce Compliance with State Court Discovery Order filed in the Injunction Action, E&A contended that it would suffer "irreparable harm" because Netgov would be "unable to satisfy any money judgment…" and that it would present "evidence" that would show that "Netgov is, or is close to being, insolvent and is in dire financial circumstances."

17. Netgov admitted in its Brief in Opposition to E&A's Motion for Preliminary Injunction filed in the Injunction Action that if "the Court accepts the factual argument that E&A apparently intends to make concerning Netgov's financial condition, Netgov's capital would

likely be deemed impaired as defined by Delaware law. Accordingly, Delaware law would prohibit both Netgov from purchasing its stock and the courts from enforcing a promise to do so."

18. On February 27, 2001, E&A and Netgov, agreed to the entry of the "Consent Order" in the Injunction Action that provides, *inter alia*, that on February 28, 2001, Netgov shall pay to E&A the sum of One Hundred Thousand Dollars ($100,000.000) in consideration for the conveyance by E&A of 85,470 shares of the Stock to Netgov; that on or before March 6, 2001, Netgov shall pay to E&A the sum of Two Hundred Eighty-two Thousand Four Hundred Ninety-Nine and 91/100 Dollars ($282,499.91) in consideration for the conveyance by E&A of 241,453 shares of the Stock; and that on or before March 16, 2001, Netgov shall pay to E&A the sum of Thirty Thousand and 00/100 ($30,000.00) for "Attorneys Fees." On February 27, 2001, E&A's attorney had a discussion with Netgov's attorney wherein it was agreed that "in the event of a bankruptcy involving Netgov.com, Inc., to the extent [E&A] seek[s] relief from the Court in the referenced litigation because the repurchase of Netgov stock is being challenged in the bankruptcy, paragraph 12 of the consent order was not intended to preclude seeking such relief and [Netgov] would not object on that basis."

19. On February 28, 2001, Netgov caused a wire transfer of the sum of $100,000 to be made from its account at the LaSalle National Bank in Chicago, Illinois to E&A's account at Bank One in Indianapolis, Indiana and received in return an assignment of 85,470 shares of the Stock. On March 6, 2001, Netgov caused several wire transfers in the aggregate the sum of $282,499.91 to be made from its account at the LaSalle National Bank in Chicago, Illinois to E&A's account at Bank One in Indianapolis, Indiana and received in return an assignment of 241,453 shares of the Stock. On March 16, 2001, Netgov caused a wire transfer of the sum of

$30,000 from its account at the LaSalle National Bank in Chicago, Illinois to E&A's account at Bank One in Indianapolis, Indiana in payment of E&A's attorneys' fees. At the time of these transfers, the Stock was valueless.

20. On July 5, 2001, Netgov entered into an assignment and trust agreement pursuant to which it assigned all of its assets to the Trustee and appointed the Trustee as a representative of all of its creditors. As of July 5, 2001, and at all relevant times since January 31, 2001, the fair value of Netgov's liabilities exceeded the fair value of Netgov's assets and Netgov lacked sufficient operating capital and assets to pay its debts as the same became due in the ordinary course of Netgov's business.

## COUNT I

### (Declaratory Judgment and Further Relief relating to the Unenforceability of the Put Agreement under Delaware Law – 28 USC §§ 2201 and 2202)

21. Trustee repeats and realleges paragraphs 1 through 20.

22. Netgov's obligation to repurchase the Stock pursuant to the Put Agreement arose on February 14, 2001, when E&A purported to exercise the put and option under the Put Agreement and tendered the Stock.

23. Netgov's capital was impaired at the time E&A purported to exercise the put and option and tender the Stock.

24. As of February 14, 2001, and at all relevant times thereafter, the Put Agreement was unenforceable against Netgov and its creditors, and the transfers of Netgov's property to E&A in redemption of the Stock, and in payment of attorneys fees incurred by E&A in seeking enforcement of the Put Agreement, were unlawful and in violation of Section 160 of the Delaware Corporation Law.

6

WHEREFORE, the Trustee prays that this Court enter judgment in favor of the Trustee and against E&A:

1. Declaring that, on February 14, 2001, any obligation of Netgov under the Put Agreement to repurchase the Stock from E&A was wholly void and unenforceable against Netgov and its creditors;

2. Declaring that the transfers of Netgov property to E&A as consideration for the repurchase of the Stock and in payment of E&A's claim for attorneys fees and expenses under the Put Agreement were unlawful; and

3. Entering judgment in favor of Trustee and against E&A for restitution of the Netgov property transferred to E&A, together with prejudgment interest, costs and attorneys fees; and

4. Awarding such other relief as is appropriate.

## COUNT II

### (Declaratory Judgment and Further Relief relating to the Unenforceability of the Consent Order under Delaware Law – 28 USC §§ 2201 and 2202)

25. Trustee repeats and realleges paragraphs 1 through 20.

26. Netgov's obligation to repurchase the Stock pursuant to the Consent Order arose on February 27, 2001, when it agreed to repurchase the Stock and pay E&A's attorneys fees incurred in seeking enforcement of the Put Agreement on the terms set forth in the Consent Order.

27. Netgov's capital was impaired at the time it agreed to the terms of and the entry of the Consent Order.

7

28. As of February 27, 2001, and at all relevant times thereafter, the Consent Order was unenforceable against Netgov and its creditors and the transfers of Netgov's property to E&A in redemption of the Stock, and in payment of attorneys fees incurred by E&A in seeking enforcement of the Put Agreement, was unlawful and in violation of Section 160 of the Delaware Corporation Law.

WHEREFORE, the Trustee prays that this Court enter judgment in favor of the Trustee and against E&A:

1. Declaring that, on February 14, 2001, any obligation of Netgov under the Consent Order to repurchase the Stock from E&A was wholly void and unenforceable;

2. Declaring that the transfers of Netgov property to E&A as consideration for the repurchase of the Stock and in payment of E&A's claim for attorneys' fees and expenses under the Consent Order were unlawful;

3. Entering judgment in favor of Trustee and against E&A for restitution of the Netgov property transferred to E&A, together with prejudgment interest, costs and attorneys fees; and

4. Awarding such other relief as is appropriate.

## COUNT III

### (Actual Fraudulent Transfer - 740 ILCS § 160/5(a)(1))

29. Trustee repeats and realleges paragraphs 1 through 20.

30. Netgov made transfers of its property and incurred obligations to Defendant pursuant to the Put Agreement and the Consent Order with the actual intent to hinder, delay or

defraud entities to which Netgov was or became, on or after the dates such transfers were made, indebted.

31. Trustee is a creditor of Netgov whose claim arose after and a representative of creditors of Netgov whose claims arose before the transfers were made and the obligations incurred.

WHEREFORE, the Trustee prays that this Court enter judgment:

1. Avoiding the transfers of property made and the obligations incurred by Netgov to Defendant and awarding the Trustee recovery of an amount equal to the value of such property from Defendant pursuant to 740 ILCS § 160/5(a)(1);

2. Awarding prejudgment interest on such amounts and costs; and

3. Awarding such other relief as is appropriate.

## COUNT IV

(Constructive Fraudulent Transfer - 740 ILCS § 160/5(a)(2))

32. Trustee repeats and realleges paragraphs 1 through 20.

33. Netgov made transfers of its property and incurred obligations to Defendant pursuant to the Put Agreement and the Consent Order.

34. Netgov received less than a reasonably equivalent value in exchange for such transfers made and obligations incurred.

35. Netgov was insolvent on the date that such transfers were made and obligations incurred, or became insolvent as a result of making such transfers and incurring such obligations; Netgov was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with Netgov was an unreasonably small capital; or,

Netgov intended to incur, or believed that Netgov would incur, debts that would be beyond Netgov's ability to pay as such debts matured.

36. Trustee is a creditor of Netgov whose claim arose after and a representative of creditors of Netgov whose claims arose before the transfers were made and the obligations incurred.

WHEREFORE, the Trustee prays that this court seek judgment:

1. Avoiding the transfers of property made and obligations incurred by Netgov to Defendant and awarding the Trustee recovery of an amount equal to the value of such property from Defendant pursuant to 740 ILCS §160/5(a)(2);

2. Awarding prejudgment interest on such amounts and costs; and

3. Awarding such other relief as is appropriate.

## COUNT V

### (Constructive Fraudulent Transfer - 740 ILCS §160/6(a))

37. Trustee repeats and realleges the allegations in paragraphs 1 through 20.

38. Netgov made transfers of its property and incurred obligations to Defendant pursuant to the Put Agreement and the Consent Order.

39. Trustee is a representative of creditors of Netgov whose claims arose before the transfers were made and the obligations incurred.

40. Netgov made the transfers and incurred the obligations without receiving a reasonably equivalent value in exchange for the transfers and obligations.

41. Netgov was insolvent at the time of the transfers and the incurrence of the obligations or became insolvent as a result of the transfers and the incurrence of the obligations.

10

WHEREFORE, the Trustee prays that this Court enter judgment:

1. Avoiding the transfers of property made and the obligations incurred by Netgov to Defendant and awarding the Trustee recovery of an amount equal to the value of the property from Defendants pursuant to 740 ILCS § 160/6(a).

2. Awarding prejudgment interest on such amounts and costs; and

3. Awarding such other relief as is appropriate.


Dated: November 5, 2001.

                WILLIAM H. GRABSCHEID, SR., as
                Assignee/Trustee for the Benefit of Creditors of
                Netgov.com Inc., a Delaware Corporation

                By: _____
                        One of his Attorneys

Paul M. Bauch, Esq. (ARDC No. 6196619)
Kenneth A. Michaels Jr., Esq. (ARDC No. 6185885)
Bauch & Michaels
53 W. Jackson Blvd., Ste. 1115
Chicago, Illinois 60604
(312) 588-5000

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

**DOCKETED NOV 0 6 2001**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** WILLIAM H. GRABSCHEID, SR., as assignee for the benefit of creditors of Netgov.com, Inc., a Delaware corporation | **Defendant(s):** E&A INDUSTRIES, INC., an Indiana corporation |
| County of Residence: | County of Residence: |
| Plaintiff's Atty: Paul M. Bauch<br>Bauch & Michaels<br>53 W. Jackson Blvd. #1115,<br>Chicago, Illinois 60604<br>(312) 588-5000 | Defendant's Atty: Andrew J. Detherage<br>Barnes & Thornburg<br>11 S. Madison St.<br>Indianapolis, IN 46204<br>(317) 236-1313 |

| | |
|---|---|
| II. Basis of Jurisdiction: | 4. Diversity (complete item III) |
| III. Citizenship of Principle Parties (Diversity Cases Only) | Plaintiff: -1 Citizen of This State<br>Defendant: -2 Citizen of Another State |
| IV. Origin : | 1. Original Proceeding |
| V. Nature of Suit: | 370 Other Fraud |
| VI. Cause of Action: | Complaint for declaratory relief and to avoid fraudulent transfers |

**01C 8480**
**JUDGE PALLMEYER**
**MAGISTRATE JUDGE GERALDINE SOAT BROWN**
FILED-EDS 01 NOV -5 PH 2: 24 CLERK U.S. DISTRICT COURT

VII. Requested in Complaint
    Class Action: **No**
    Dollar Demand:
    Jury Demand: **No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _(signed)_
Date: _11-5-01_

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**   Revised: 06/28/00

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

In the Matter of

WILLIAM H. GRABSCHEID, SR., as assignee for the benefit of creditors of Netgov.com, Inc.,

v.

E&A INDUSTRIES, INC., an Indiana corporation

Case Number: **01C 8480**

DOCKETED NOV 0 6 2001

JUDGE PALLMEYER
MAGISTRATE JUDGE GERALDINE SOAT BROWN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: WILLIAM H. GRABSCHEID, SR.

| (A) | (B) |
|---|---|
| SIGNATURE: [signed] | SIGNATURE: [signed] |
| NAME: Paul M. Bauch | NAME: Kenneth A. Michaels Jr. |
| FIRM: Bauch & Michaels | FIRM: Bauch & Michaels |
| STREET ADDRESS: 53 West Jackson Boulevard - Suite 1115 | STREET ADDRESS: 53 West Jackson Boulevard - Suite 1115 |
| CITY/STATE/ZIP: Chicago, Illinois 60604 | CITY/STATE/ZIP: Chicago, Illinois 60604 |
| TELEPHONE NUMBER: (312) 588-5000 | TELEPHONE NUMBER: (312) 588-5000 |
| IDENTIFICATION NUMBER: 6196619 | IDENTIFICATION NUMBER: 6185885 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

FILED 01 NOV -5 PM 2:23 CLERK U.S. DISTRICT COURT